UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TERRY KLEIN, derivatively on behalf of
LOGMEIN, INC.,

                        Plaintiff,

– against --

CADIAN CAPITAL MANAGEMENT, LP, CADIAN FUND LP, CADIAN MASTER FUND LP, CADIAN GP, LLC, CADIAN CAPITAL MANAGEMENT GP, LLC, ERIC BANNASCH and LOGMEIN, INC.,

                        Defendants.

15 cv _____

(*Jury Trial Demanded*)

## COMPLAINT

Plaintiff Terry Klein ("Klein"), by her undersigned attorneys, alleges upon information and belief as to all paragraphs except paragraph 1, as follows:

1. Plaintiff Klein is a New York resident who is the owner of common stock of LogMeIn, Inc. ("LI" or the "Company").

2. LI, a nominal defendant herein, is a Delaware corporation with its principal place of business at 320 Summer Street, Suite 100, Boston, Massachusetts 02210.

3. Defendant Cadian Capital Management, LP ("Cadian Capital") is a Delaware limited partnership with its principal place of business at 535 Madison Avenue, 36th Floor, New York, NY 10022. Cadian Capital is an investment adviser that acts as the investment manager of defendants Cadian Fund LP ("Cadian Fund") and Cadian Master Fund LP ("Cadian Master").

4.      Defendant Cadian Fund is a private investment Delaware limited partnership with its principal place of business at 535 Madison Avenue, 36th Floor, New York, NY 10022.

5.      Defendant Cadian Master is a Cayman Islands exempted limited partnership company with its principal place of business at 535 Madison Avenue, 36th Floor, New York, NY 10022.

6.      Defendant Cadian GP, LLC ("Cadian GP") is a Delaware limited liability company with its principal place of business at 535 Madison Avenue, 36th Floor, New York, NY 10022. Cadian GP serves as the general partner of Cadian Fund and Cadian Master.

7.      Defendant Cadian Capital Management GP, LLC ("Cadian Capital GP") is a Delaware limited liability company with its principal place of business at 535 Madison Avenue, 36th Floor, New York, NY 10022. Cadian Capital GP serves as the general partner of Cadian Capital.

8.      Defendant Eric Bannasch ("Bannasch") is an individual with a business address at 535 Madison Avenue, 36th Floor, New York, NY 10022. Bannasch is the sole managing member of Cadian GP and Cadian Capital GP and principal owner of Cadian Capital. (All of the defendants with the exception of LI are referred to collectively as the "Cadian Group" or the "Cadian Defendants").

## JURISDICTION AND VENUE

9.      This action is brought on behalf of LI pursuant to Section 16(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78p ("§16(b)"), to obtain disgorgement of profits obtained by the Cadian Defendants in violation of that statute. Jurisdiction of this court and venue in this District are proper pursuant to 15 U.S.C. § 78(a)(a) in that certain of the acts underlying this action occurred in this District.

## The Governing Law

10.     Section 16(b) of the Exchange Act provides that if a person, while beneficially owning more than 10 percent of a class of equity securities of an issuer, purchases and sells, or sells and purchases shares of any equity security of such issuer within a period of less than six months, any profits arising from those transactions are recoverable by the issuer or by a shareholder suing on its behalf.

11.     The stated purpose of Section 16(b) is to "prevent [] the unfair use of information which may have been obtained by such beneficial owner, director, or officer by reason of his relationship to the issuer." 15 U.S.C. § 78p(b).  Strict liability and disgorgement were imposed by §16(b) "to remove any temptation for insiders to engage in transactions which 'may serve as a vehicle for the evil which Congress sought to prevent -- the realization of short-swing profits based upon access to inside information.'" "Section 16(b) operates mechanically, and makes no moral distinctions, penalizing technical violators of pure heart, and bypassing corrupt insiders who skirt the letter of the prohibition.  'Such is the price of easy administration.'" (citation omitted). *Magma Power Co. v. Dow Chemical*, 136 F. 3d 316, 320-21 (2d Cir. 1998).  The statute is designed to "squeeze all possible profits out of stock transactions" by insiders. *Smolowe v. Delendo*, 136 F.2d 231, 239 (2d Cir.), *cert denied*, 320 U.S. 751 (1943).

12.     Under Section 16(a) of the Exchange Act and SEC Rule 16a-3 promulgated thereunder, statutory insiders are required to report securities transactions to the marketplace in a timely fashion.  *See* SEC Investor Bulletin, "Insider Transactions and Forms 3, 4, and 5" (http://www.sec.gov/investor/alerts/forms-3-4-5.pdf).

13.     Courts have rejected efforts by hedge funds to avoid Section 16(b) liability by purporting to "divest" their beneficial ownership.  Relying on these contrived divestitures, hedge

3

fund managers who have established a small group of hedge funds to acquire greater than 10% beneficial ownership positions, with presumed access to inside information, have used these artifices to evade their Section 13(d) and Section 16(a) reporting obligations and to conceal their short-swing trading and profits. *Huppe v. WPCS Int'l Inc.*, 670 F.3d 214, 215-217 (2d Cir. 2012)(where a principal delegated "exclusive power to make all investment and voting decisions" to an agent, both principal and agent were beneficial owners). *See also, Greenberg v. Hudson Bay Master Fund Ltd.*, 2015 U.S. Dist. LEXIS 62236, *21 (S.D.N.Y. 2015)("purchaser may not avoid Section 16(b) simply by delegating voting and investment authority to a third party"). As shown in paragraphs 23 through 30, *infra*, the Cadian Group employed such an artifice in this case to hide their trading in LI common stock and avoid disgorgement of their profits.

<u>Section 16(b) Group Activity</u>

14. Under SEC Rule 16a-1(a)(1) promulgated under the Exchange Act, where two or more persons "act as a partnership, limited partnership, syndicate, or other group for the purpose of acquiring, holding or disposing of securities of an issuer" as set forth in Section 13(d)(3) of the Exchange Act ("§13(d)"), such persons are deemed to be a "group" for purposes of determining §16(b) liability. Under SEC Rule 16a-1, the shares held by persons in such a group are aggregated to determine whether the group has a greater than 10% beneficial ownership in the issuing corporation. If the aggregate number of shares beneficially owned by the group exceeds 10%, each member of the group is deemed to be a greater than 10% beneficial owner and is liable to disgorge profits arising from transactions by such group member effected within a less than six-month period.

15. The facts that support the existence of a group are overwhelming. Bannasch is the sole decision maker for each of the Cadian Defendants and effected all of their trades in LI common stock. The Cadian Defendants, other than Bannasch, bear the Cadian name and operate out of the same office with the same employees. The Cadian Group's SEC filings relating to LI were made collectively on behalf of the Cadian Group members and signed by the same people.

16. Moreover, the Cadian Defendants are all inexorably intertwined. Cadian Capital is the investment manager of Cadian Fund and Cadian Master; Bannasch is the sole managing member of Cadian GP and Cadian Capital GP; Cadian Capital GP is the general partner of Cadian Capital; and Cadian GP is the general partner of each of Cadian Fund and Cadian Master. These facts irrefutably lead to the conclusion that the Cadian Defendants agreed to act together for the purposes of trading in LI common stock.

17. Accordingly, defendants Cadian Capital, Cadian Fund, Cadian Master, Cadian GP, Cadian Capital GP and Bannasch constitute a group for purposes of determining beneficial ownership under §§ 13(d)(3) and 16(b) of the Exchange Act. At all relevant times, the Cadian Group was a greater than 10% beneficial owner of the Company's common stock, $0.0001 par value (the "Common Stock") and garnered short-swing profits disgorgeable to the Company in the transactions hereinafter set forth.

Purchase and Sale Transactions

18. On January 9, 2014, the Cadian Group filed Amendment No. 3 to Schedule 13G disclosing beneficial ownership of 2,378,576 shares, representing 9.82% of the Company's outstanding common stock, $.001 par value (the "Common Stock").

19. In an Amendment No. 4 to Schedule 13G filing made on January 14, 2014, the Cadian Group disclosed beneficial ownership of 2,563,576 shares, representing beneficial

ownership of 10.58%, evidencing purchases of up to 141,466 shares after the Cadian Group went over 10% on January 13, 2014.

20.  In a Form 13-F filed by Cadian Capital Management for the quarter ended March 31, 2014, the Cadian Group disclosed beneficial ownership of 1,754,406 shares, evidencing sales of 141,466 shares between January 14, 2014 and March 31, 2014 while the Cadian Group was a greater than 10% beneficial owner.

21.  Based on these filings, it is clear that the Cadian Group purchased up to 141,466 shares while a greater than 10% beneficial owner between January 9, 2014 and January 13, 2014, and that the Cadian Group then sold the same number of shares while a greater than 10% beneficial owner between January 14, 2014 and March 31, 2014.

22.  At all relevant times, the Cadian Group was a greater than 10% beneficial owner based on the outstanding shares of the Company's Common Stock, as reported by the Company.

23.  Although the Cadian Group became a greater than 10% beneficial owner of shares of Common Stock, the Cadian Group violated Section 16(a) of the Exchange Act and failed to report its greater than 10% beneficial ownership on SEC Form 3 required to be filed under SEC Rule 16a-3. Likewise, the Cadian Group continued to violate Section 16(a) and SEC Rule 16a-3 by failing to report its purchases and sales of shares of Common Stock on SEC Form 4 while the Cadian Group was a greater than 10% beneficial owner. Due to these SEC reporting violations, it is not possible to compute with precision the amount of short-swing profits garnered by the Cadian Group from its short-swing trading of shares of Common Stock. However, based on trading prices of the Company's Common Stock, it is believed that the Cadian Group realized short-swing profits of at least $1 million.

### The Cadian Group's Scheme to Evade Its Obligations To Report
### Beneficial Ownership of LI Common Stock

24.     Although the Cadian Group was required to file reports concerning their trading in the Company stock pursuant to § 16(a) of the Exchange Act, they failed to do so. Section 16(a) reports disclose to the marketplace detailed information concerning the trading of securities including the dates, the number of shares bought and sold and the prices paid or received. In the event that the filer has realized short-swing profits that must be disgorged pursuant to §16(b), the existence of the violation and the amount of the profits to be disgorged can be readily determined from the Section 16(a) reports.

25.     The Cadian Group filed abbreviated Schedule 13G forms which provide information about their holdings in LI, but no specific information concerning the actual trades. Nevertheless, an analysis of these filings provides evidence of the Cadian Group's efforts to hide the facts about their trading in LI equity securities and obscure their liability.

26.     On June 11, 2015, Klein sent a demand letter to the Company, setting forth notice of the claims in this case. LI provided plaintiff with a letter from Cadian Defendants' counsel dated July 30, 2015 setting forth a response to the claims in this action. The Cadian Defendants assert that the Cadian Fund and Cadian Master delegated "exclusive voting and investment power" over their LI holdings to Cadian Capital, its investment manager and, therefore not 10% beneficial owners under Section 13(d) Section 16(b). The Cadian Defendants' scheme fails under the governing SEC rules and case law.

27.     First, Cadian Capital serves as the investment manager to Cadian Fund and Cadian Master. For purposes of Section 13(d) of the Exchange Act, and as reported in the Cadian Group's SEC filings, Cadian Capital beneficially owned LI securities held for the accounts of Cadian Fund and Cadian Master. Under SEC Rule 16a-1(a)(1)(v), solely for

7

purposes of determining whether such person is a greater than 10% beneficial owner, a registered investment adviser is not deemed the beneficial owner of securities "held for the benefit of third parties or in customer of fiduciary accounts in the ordinary course of business ... as long as such shares are acquired ... without the purpose or effect of changing or influencing control of the issuer or engaging in any arrangement subject to Rule 13d-3(b).

28. Cadian Capital did not hold LI securities held for the Cadian Fund and Cadian Master accounts – "for the benefit of . . . customer or fiduciary accounts" – because Cadian Capital has substantial interests in Cadian Fund and Cadian Master as reported in its ADV Form Brochure.[1] Further, Cadian Capital cannot avail itself of the Rule 16a-1(a)(1)(v) exemption with respect to the LI securities held for Cadian Fund and Cadian Master because the ownership arrangements were structured with the purpose and effect of divesting beneficial ownership to evade the Cadian Group's obligations under Section 16(b).[2] Under Rule 3d-3(b) the purported delegation of beneficial ownership is ineffective.

29. Second, for purposes of Section 13(d) of the Exchange Act, and as reported in the Cadian Group's SEC filings, Bannasch and Cadian Capital GP also beneficially own LI securities held for the accounts of Cadian Fund and Cadian Master, because Bannasch is the sole managing member of Cadian GP and Cadian Capital GP and makes all investment decisions for Cadian Capital.

---

[1] See Cadian Capital SEC Form ADV dated March 10, 2015 (available at the SEC website: http://www.adviserinfo.sec.gov)

[2] SEC Rule 13d-3(b) provides that "[a]ny person who, directly or indirectly, creates or uses . . . any . . . contract, arrangement, or device with the purpose or effect of divesting such person of beneficial ownership . . . as part of a plan or scheme to evade the reporting requirements of Section 13(d) or 13(g) of the Act shall be deemed for purposes of such sections to be the beneficial owner of such security."

30.   Cadian Fund and Cadian Master held beneficial ownership of their shares because they indirectly share voting or investment power. *Greenberg v. Hudson Bay Master Fund Ltd.*, 2015 U.S. Dist. LEXIS 62236, *21 (S.D.N.Y. 2015)("purchaser may not avoid Section 16(b) simply by delegating voting and investment authority to a third party"). *See also Huppe v. WPCS Int'l Inc.*, 670 F.3d 214, 215-217 (2d Cir. 2012)(where a principal delegated "exclusive power to make all investment and voting decisions" to an agent, both principal and agent were beneficial owners). Even if it ultimately were determined that Cadian Fund and Cadian Master did not have beneficial ownership of the LI securities held in their accounts for purposes of SEC Rule 16a-1(a)(1), defendants cannot dispute that Cadian Fund and Cadian Master were the beneficial owners of the LI securities held for their respective accounts under SEC Rule 16a-1(a)(2). As group members they are required to disgorge short swing profits.

AS AND FOR A FIRST CLAIM FOR RELIEF
<u>AGAINST THE CADIAN GROUP</u>

31.   Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 30, *supra*, as if fully set forth herein.

32.   As particularized in paragraphs 18 through 23, *supra,* during the period between January 9, 2014 and March 31, 2014, the Cadian Group engaged in purchase and sale transactions in LI Common Stock which resulted in disgorgeable short-swing profits. Defendants' short-swing profits cannot be determined with precision because their failure to file Section 16(a) reports, but are believed to be in excess of $1 million.

33.   As the purchases and sales were effected for the accounts of Cadian Fund and Cadian Master, each of these defendants is liable for its respective short-swing profits.

## AS AND FOR A SECOND CLAIM FOR RELIEF AGAINST
## CADIAN CAPITAL, CADIAN GP, CADIAN CAPITAL GP AND BANNASCH

34. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 33, *supra*, as if fully set forth herein.

35. As particularized in paragraphs 14 through 17, *supra*, Cadian Capital, Cadian GP, Cadian Capital GP and Bannasch are members of the Cadian Group who engaged in transactions on behalf of Cadian Fund and Cadian Master which yielded short swing profits subject to disgorgement to the Company.

36. Defendants Cadian Capital, Cadian GP, Cadian Capital GP and Bannasch have a pecuniary interest in short-swing profits realized by Cadian Fund and Cadian Master and are liable to the extent of their respective pecuniary interests in the transactions to disgorge to LI their short-swing profits.

37. Plaintiff is unable to precisely compute Cadian Capital's, Cadian GP's, Cadian Capital GP's and Bannasch's pecuniary interests in the transactions.

## ALLEGATIONS AS TO DEMAND

38. Plaintiff made due demand on LI on June 11, 2015.  By e-mail dated August 3, 2015, LI advised that its Board had determined not to pursue the claims in this action.

WHEREFORE, plaintiff demands judgment on behalf of LI against the Cadian Defendants, as described above, plus attorneys' fees, interest and such other and further relief as to the Court may seem just and proper.

Dated: New York, New York
October 15, 2015

Paul D. Wexler
Attorney at Law
110 E. 59th Street, 23rd Floor
New York, New York 10022
Tel.: (212) 317-0777
Fax: (212) 223-4911
pdw@paulwexlerlaw.com


Ostrager Chong Flaherty
 & Broitman P.C.

By: /s/ Glenn Ostrager
    Glenn F. Ostrager

570 Lexington Avenue
New York, NY 10022
Tel.: (212) 681-0600
Fax: (212) 681-0300
gostrager@ocfblaw.com

*Attorneys for plaintiff Terry Klein*