UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TERRY KLEIN, derivatively on behalf of LogMeIn, Inc., <br><br> Plaintiff, <br><br> v. <br><br> CADIAN CAPITAL MANAGEMENT, LP, CADIAN FUND LP, CADIAN MASTER FUND LP, CADIAN GP, LLC, CADIAN CAPITAL MANAGEMENT GP, LLC, ERIC BANNASCH, and LOGMEIN, INC., <br><br> Defendants. | 15 Civ. 8143 (ER) |

## STIPULATION OF SETTLEMENT

WHEREAS, plaintiff Terry Klein ("Plaintiff"), then a shareholder of LogMeIn, Inc. ("LogMeIn" or the "Company'), brought this action (the "Action") on behalf of LogMeIn pursuant to Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act") against defendants Cadian Capital Management, LP ("Cadian Capital"), Cadian Fund LP ("Cadian Fund"), Cadian Master Fund LP ("Cadian Master Fund"), Cadian GP, LLC ("Cadian GP"), Cadian Capital Management GP, LLC ("Cadian Capital GP"), and Eric Bannasch ("Bannasch") (collectively, the "Settling Defendants"), in connection with their purchases and sales of LogMeIn securities occurring between January 9, 2014 to March 31, 2014, inclusive;

WHEREAS, Plaintiff lost her economic interest in LogMeIn and on January 25, 2019 filed a motion to substitute a new shareholder representative as plaintiff (ECF No. 70);

WHEREAS, the Settling Defendants dispute Plaintiff's allegations and assert that none of the Settling Defendants are liable to LogMeIn.  In addition, the Settling Defendants assert that

Plaintiff's loss of economic interest in LogMeIn deprives this Court of subject matter jurisdiction requiring dismissal of the action and that Plaintiff's proposal to substitute Mr. Todd Hakimi as plaintiff following her loss of standing is defective under both the standing requirements of Section 16(b) and the requirements of Federal Rule of Civil Procedure 17(a)(1);

WHEREAS, given the risks and uncertainties of the outcome of this Action and any subsequent appeal, Plaintiff, LogMeIn, and the Settling Defendants (collectively, the "Parties") have concluded after advice of counsel and negotiation between counsel for the Parties that it is in the best interests of LogMeIn to voluntarily settle this Action on the terms set forth herein (the "Settlement");

WHEREAS, the Settling Defendants deny any liability whatsoever to LogMeIn, and this Stipulation of Settlement ("Stipulation") shall in no event be construed or deemed to be evidence of or an admission or concession on the part of the Settling Defendants with respect to any claim, or any fault or liability or wrongdoing or damages whatsoever, or any deficiency in the defenses that the Settling Defendants have or may have asserted;

WHEREAS, Plaintiff, through her counsel, has conducted a thorough investigation relating to the claims and the underlying events alleged and which could have been alleged in the Complaint.  Plaintiff obtained extensive discovery from the Settling Defendants in this Action, including the depositions of Cadian Capital, Mr. Bannasch, and several of Cadian Capital's employees, records reflecting all of the Settling Defendants' transactions in LogMeIn common stock, and related discovery motion practice.  Independent counsel for LogMeIn have reviewed and are also relying on this discovery.  As a result, Plaintiff and LogMeIn have concluded that they have obtained sufficient information to enter into the settlement contemplated by this Stipulation on a fully-informed basis;

WHEREAS, the Settling Defendants believe that they have several meritorious defenses to Plaintiff's claims;

WHEREAS, the Parties engaged in arm's length settlement negotiations among themselves which culminated in an agreement whereby Cadian Capital will pay LogMeIn the sum of $300,000 (the "Settlement Payment");

WHEREAS, Plaintiff, Plaintiff's counsel, LogMeIn, and LogMeIn's independent counsel agree that a settlement of this Action on the terms described herein is fair, reasonable, adequate and in the best interests of LogMeIn and its shareholders;

WHEREAS, in evaluating the proposed Settlement provided for herein, Plaintiff, LogMeIn, and their respective counsel have considered the uncertainties of the outcome of this Action; and

WHEREAS, the Settling Defendants have agreed to this Stipulation and the Settlement provided herein in order to fully and finally settle and dispose of all claims that have been or could have been raised in this Action and to avoid the continuing burden, expense, uncertainty, inconvenience and distraction of protracted litigation.

IT IS HEREBY STIPULATED AND AGREED, for good and valuable consideration, the sufficiency of which is hereby acknowledged, as follows:

1. Within five (5) business days after this Stipulation has been executed, Plaintiff shall move the Court for entry of an Order and Final Judgment (the "Order and Final Judgment") substantially in the form annexed hereto as Exhibit 1, which will:

   (a) Dismiss the Action with prejudice;

   (b) Find that Plaintiff vigorously prosecuted the claims set forth in the Complaint on behalf of LogMeIn;

(c) Find that the terms of the Settlement are fair, reasonable, adequate and in the best interests of LogMeIn and its shareholders;

(d) Release the Settling Defendants from all claims that were or could have been asserted in the Action and bar Plaintiff, Plaintiff's counsel, LogMeIn, and any holder of LogMeIn securities from asserting against any Settling Defendant any claim that was or could have been brought in this Action; and

(e) Release Plaintiff, Plaintiff's counsel, and the LogMeIn Releasees (as defined in paragraph 5 below) from any claims that could be asserted against any of them by the Settling Defendants or any holder of LogMeIn securities as a result of the prosecution and settlement of the Action.

2. The Order and Final Judgment shall become final ("Final") upon entry, either by expiration of the time for appeal or review of such Order or, if any appeal is filed and not dismissed, after the Order is affirmed on appeal and is no longer subject to review upon appeal or by writ of certiorari or motion for reconsideration.

3. (a) On or before the fifth business day after the Order and Final Judgment approving the Settlement becomes Final, the Settling Defendants shall wire transfer directly to LogMeIn the amount of $300,000, less the amount of attorneys' fees and expenses, if any, awarded by the Court to Plaintiff's counsel, which amount shall be paid directly to Plaintiff's counsel in accordance with Paragraph 6(a) below.

(b) Entry and Finality of the Order and Final Judgment is a condition precedent to the Settling Defendants' obligations to make the Settlement Payment.

(c) In the event the Court does not enter the Order and Final Judgment approving the Settlement, this Stipulation shall be null and void except as to paragraphs 3(c), 8,

and 14, and the Parties shall be returned to their positions *nunc pro tunc* as they existed on the date before the Settlement and without prejudice in any way.

    4.      In consideration of the Settlement Payment and other terms herein, LogMeIn and Plaintiff on behalf of herself and any and all owners of any security (as defined in Section 3(a)(10) of the Exchange Act) of LogMeIn or any other security or instrument, the value of which is derived from the value of any LogMeIn equity security, each release and discharge the Settling Defendants, their present, future or former officers, directors, members, employees, agents, attorneys, representatives, advisors and affiliates or associates (as the latter two terms are defined in Rule 12b-2 of the Exchange Act), trustees, parents, principals, subsidiaries, general or limited partners or partnerships, investment advisory clients and brokers, and each of their heirs, executors, administrators, successors and assigns, and any purported member of a group within the meaning of Section 13(d)(3) of the Exchange Act (the "Related Parties") from any and all liability and damages under or based upon any and all claims, rights, causes of action, suits, matters, demands, transactions and issues, known or unknown, arising out of or relating to the assertions contained in the Complaint in this Action or that could have been asserted in this Action (i) by Plaintiff on behalf of herself or any other person or entity, (ii) by LogMeIn and/or (iii) by any and all owners of any security (as defined in Section 3(a)(10) of the Exchange Act) of LogMeIn or any other security or instrument the value of which is derived from the value of any LogMeIn equity security, or any of them, whether individually, directly, representatively, derivatively or in any other capacity for all claims arising out of or relating to any violation of Section 16(b) of the Exchange Act and the rules and regulations promulgated under Section 16 relating to trading in LogMeIn securities, options to acquire LogMeIn securities and/or other securities or instruments the value of which is derived from the value of any LogMeIn equity

security, from the beginning of time up through the date of entry of the Order and Final Judgment, regardless of the theory of liability.  Plaintiff's counsel and LogMeIn covenant not to bring any additional claims arising out of or relating to the assertions contained in the Complaint in this Action or that could have been asserted in this Action against the Settling Defendants and/or their Related Parties for trading in LogMeIn securities, including, without limitation, options to acquire LogMeIn securities or any other derivative security or instrument tied to the value of any LogMeIn equity security, from the beginning of time up through the date of entry of the Order and Final Judgment, regardless of the theory of liability.

5. In consideration of the terms herein, the Settling Defendants and Plaintiff, on behalf of herself and any and all owners of any security (as defined in Section 3(a)(10) of the Exchange Act) of LogMeIn or any other security or instrument, the value of which is derived from the value of any LogMeIn equity security, or any of them, whether individually, directly, representatively, derivatively or in any other capacity, each release and discharge Plaintiff, Plaintiff's counsel, LogMeIn and LogMeIn's present, future or former officers, directors, members, employees, agents, attorneys, representatives, advisors and affiliates or associates (as the latter two terms are defined in Rule 12b-2 of the Exchange Act), trustees, parents, principals, subsidiaries, general or limited partners or partnerships, and each of their heirs, executors, administrators, successors and assigns (with LogMeIn collectively the "LogMeIn Releasees") from any and all liability and damages under or based upon any and all claims, rights, causes of action, suits, matters, demands, transactions and issues, known or unknown, arising out of or relating to the prosecution and/or settlement of this Action.

6. Plaintiffs' counsel will apply to the Court for attorney's fees and disbursements in an amount of 40 percent of the Settlement Payment, the sum of $120,000, plus expenses of

$18,119.38, for an award in the amount of $138,119.38, which application LogMeIn has agreed to support.  The attorney's fees and expense award was negotiated between Plaintiff's counsel and counsel for LogMeIn after the Parties had negotiated the provisions of the Settlement.  Such attorney's fees and expenses as may be awarded by the Court are to be paid by the Settling Defendants after the Order and Final Judgment become Final in accordance with paragraph 3(a) and shall reduce the amount of the Settlement Payment to LogMeIn as provided herein.  The Settlement is in no way contingent upon any attorney's fees or expenses being awarded in any amount.

7. The Parties acknowledge and agree that, as a result of Plaintiff's pursuit of this Action and negotiation of this Stipulation, this Action has been diligently prosecuted against the Settling Defendants within the meaning of Section 16(b) of the Exchange Act.

8. This Stipulation and all negotiations and papers related to it, and any proceedings in connection with the Settlement, whether or not the Settlement becomes Final or is consummated, are not and shall not be construed to be evidence of, or an admission by, any of the Parties respecting the validity or invalidity of any of the claims or defenses asserted by the Parties or of the Settling Defendants' liability or lack thereof with respect to any such claim or defense or for any damages sought in the Action, or of any wrongdoing or lack of wrongdoing by any or all of them whatsoever, and shall not be offered for admission or received as evidence of any such liability or wrongdoing or damages, or lack thereof.

9. This Stipulation contains the entire agreement between the Parties concerning the subject matter hereof and neither party is relying upon any representation, promise or assertion not contained herein.

10. This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original of this Stipulation and all of which, when taken together, shall be deemed to constitute one and the same agreement *provided* that no party shall be bound hereby unless and until all parties shall have executed and delivered this Stipulation.

11. The individuals signing this Stipulation represent that they have the authority to execute this Stipulation, to grant the releases in this Stipulation and to compromise and settle all their claims and their defenses relating to the Action.

12. This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Parties hereto.

13. The Parties shall use their best efforts to execute such documents and shall take such other reasonable action as is necessary to effectuate this Stipulation as provided for herein.

14. The Parties submit to the continuing jurisdiction of this Court for (a) all purposes relating to this Action, and (b) any disputes over this Stipulation and its enforcement.

Dated: New York, New York
May 3, 2019

_____
Paul D. Wexler
110 East 59th Street, 23rd Floor
New York, New York 10022
pdw@paulwexlerlaw.com
(212) 317-0777

*Attorneys for Plaintiff Terry Klein and Proposed Substitute Plaintiff Todd D. Hakimi*

_____
Robert H. Pees
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, New York 10036
rpees@akingump.com
(212) 872-1072

*Attorneys for Defendants Cadian Capital Management, LP, Cadian Fund LP, Cadian Master Fund LP, Cadian GP, LLC, Cadian Capital Management GP, LLC, and Eric Bannasch*

_____
Glenn F. Ostrager
Ostrager Chong Flaherty & Broitman P.C.
570 Lexington Avenue, Suite 1910
New York, New York 10022
gostrager@ocfblaw.com
(212) 681-0600

*Attorneys for Plaintiff Terry Klein and Proposed Substitute Plaintiff Todd D. Hakimi*

_____
William J. Trach
Latham & Watkins LLP
200 Clarendon Street, 27th Floor
Boston, MA 02116
william.trach@lw.com
(617) 880-4514

*Attorneys for LogMeIn*

9